WHITE (MALLORY v.). See Case No. 8,-993.

WHITE (MARIA v.). See Case No. 9,076.

## Case No. 17,554.

### WHITE v. NICHOLLS et al.
### SAME v. ADDISON.

[1 Hayw. & H. 123.] [1]

Circuit Court, District of Columbia. December 29, 1842.[2]

#### LIBEL—PRIVILEGED COMMUNICATIONS.

1. A petition for the removal of an officer addressed to the president is a privileged paper, and being such, the plaintiff, in an action for libel, can give in evidence the falsehood of the charges contained in the petition, or want of probable cause for the charges contained in said paper.

2. Quære, whether, in an action for libel. any other paper than the publication itself could be given to prove malice on the part of the defendant.

At law. These actions were founded on a letter addressed to the president of the United States by the defendants, Charles C. Fulton, E. M. Linthicum, Rap. Semmes, O. M. Linthicum, Wm. Robinson, Wm. S. Nicholls and Paul Stevens, and written by the defendant. Henry Addison, the successor of the plaintiff [Robert White] in the office of the collector of the port of Georgetown.

Brent & Brent and Francis S. Key, for plaintiff.
John Marbury, for defendant Addison.
Joseph H. Bradley, for other defendants.

The declaration in both suits contained each two counts. and were essentially the same, and depended upon the same facts. That the defendants published several libels; by rea-

[1] [Reported by John A. Hayward, Esq., and Geo. C. Hazleton. Esq.]
[2] [Reversed in 3 How. (44 U. S.) 266.]

son of the publication of said libels plaintiff was removed from his office of collector of the port of Georgetown and was deprived of the emoluments and income of said office. The defendants pleaded not guilty. The causes came on for trial and were tried together. Certain instructions were prayed for by the counsel for the plaintiff common to both. Exceptions were taken by the plaintiff on the court refusing to give the instructions as prayed. The jury brought in a verdict of not guilty in both cases.

These cases were taken to the supreme court of the United States on exceptions, where the judgments of the circuit court were reversed and the causes remanded for a new trial. 3 How. [44 U. S.] 266.

NOTE. The supreme court, through Justice Daniels, said, in 3 How. [44 U. S.] 287: "That the excepted instances shall so far change the ordinary rule with respect to slanderous or libellous matter as to remove the regular and usual presumption of malice, and to make it incumbent on the party complaining to show malice, either by the construction of the spoken or written matter, or by facts and circumstances connected with that matter, or with the situation of the parties, adequate to authorize the conclusion." After deciding that malice may be proved, the court proceeded to remark (page 291) that the only remaining question necessary to be considered in these cases, is that which relates to the rulings of the court below, excluding the publication declared upon from going to the jury in connection with other evidence to establish the existence of malice. And, on page 292: "If the publication declared upon was to be regarded as an instance of privileged publication, malice was an indispensable characteristic which the plaintiff would have been bound to establish in relation to it. The jury and the jury alone, were to determine whether this malice did or did not mark the publication. The rule has, by numerous adjudications, been placed beyond doubt or controversy, that the question of malice is to be submitted to the jury upon the face of the libel or publication itself."